AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

FILED
JUL 11 2011
AT ___ M
STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

for the

Northern District of Indiana

United States of America
v.

Mark Alan Smith
*Defendant*

Case No. 2:11 MJ 167

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 7/11/11 in the county of Porter in the Northern District of Indiana, the defendant violated 18 U. S. C. § 2252(a)(4)(B), an offense described as follows:

He did knowingly possess one or more matters containing visual depictions which have been mailed, or have been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, where the producing of such visual depictions involved the use of actual minors under the age of eighteen (18) engaged in sexually explicit conduct.

This criminal complaint is based on these facts:

See attached affidavit.

X Continued on the attached sheet.

*Complainant's signature*

Marc Rochon, Special Agent; HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jul 11, 2011

S/Paul R. Cherry
*Judge's signature*

City and state: Hammond, Indiana

Paul R. Cherry
*Printed name and title*

**AFFIDAVIT**

I, Marc Rochon, a Special Agent with United States Homeland Security Investigations ("HSI"), being duly sworn, hereby depose and state as follows:

1. I am currently assigned to the Resident Agent in Charge at the O'Hare office/Hammond, Indiana group, which is responsible for conducting criminal investigations and enforcing laws that are under the investigative jurisdiction of the United States Immigration and Customs Enforcement (hereinafter referred to as ICE) in the Northern District of Indiana. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered to investigate and make arrests for violations of U.S. criminal laws.

2. I have been employed as a Special Agent with ICE for approximately 4 years and have been assigned to Chicago area of responsibility during that period. I have received training as a criminal investigator at the Federal Law Enforcement Training Center. Previous to my service with ICE, I spent over 9 years as a police officer with the Valparaiso Police Department, in Valparaiso, Indiana. As a Special Agent, my responsibilities include investigating possible criminal violations of federal laws. Additionally, I have participated in the execution of search warrants in child pornography and child exploitation investigations involving searches and seizures of computers, computer equipment, software and electronically stored information.

3. What follows are the facts that I believe are necessary to establish probable cause for the issuance of the requested criminal complaint alleging that Mark Alan Smith violated Title 18, United States Code, Section 2252(a)(4)(B), by knowingly possessing child pornography. The facts set forth herein are either personally known to me or have been told to me directly by

law enforcement officers and others with whom I have worked on this case. I have not included in this affidavit each and every fact known to me concerning this investigation.

## RELEVANT STATUTES

4. Title 18, United States Code, Section 2252(a)(2) and (a)(4)(B) prohibit the knowing receipt, possession and accessing with intent to view depictions of minors engaging in sexually explicit conduct. Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

5. The Seventh Circuit adopted a six-factor test for determining whether an image qualifies as a "lascivious exhibition of the genitals or pubic area of any person" in *United States v. Moore*, 215 F.3d 681, 686 (7th Cir. 2000). The six factors, originally set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. No one

factor is determinative, but not all factors need be satisfied in finding a depiction to be lascivious. *Dost*, 636 F. Supp. at 832.

## INVESTIGATIVE BACKGROUND

6. On or about March 19, 2010, the Child Exploitation Section of the ICE Cyber Crimes Center (ICE/C3/CES) received information from the National Centre for Combating Pedophilia Online (Centro Nazionale per il Contrasto alla Pedopornografia On-line or C.N.C.P.O.) located within the Italian State Police Postal and Communication Service that identified a website offering access to child pornographic images and/or video files. The website was identified by the domain name "liberalmorality.com." C.N.C.P.O. provided ICE/C3/CES with the corresponding URL: www.liberalmorality.com.

7. On March 19, 2010 an ICE agent stationed at ICE/C3/CES, located in Fairfax, Virginia, accessed the provided URL for the "Liberalmorality.com" website. The following text appeared on this website's homepage: "Liberal Morality" "Hot Girls PornStars Celebrity Facebook" and "Suggestions." While the words "Hot Girls," "Pornstars," "Celebrity," "Facebook" and "Suggestions" all intended to be hyperlinks to other locations within the website, only the words "Hot Girls," "Pornstars" and "Suggestions" contained live hyperlinks. The other links were inactive and thus just contained the titled text.

8. When the ICE agent accessed the "Hot Girls" hyperlink on the www.liberalmorality.com homepage, he was redirected to another page within the website. This webpage contained an area which allowed visitors to enter their name, a link (a hyperlink to another location within the internet where a photo might be posted to a different server), a

subject (enabling the visitor to enter a subject they chose), and any comments they wished to add. Additionally, this webpage allowed users to attach a file and password in order to post their own images. This webpage contained 10 images. Nine of the ten images appear to depict actual minor females, nude or near nude, and in some of the photos the minor children were naked with their genitals exposed. Another image on this page appears to depict an actual prepubescent male being anally penetrated by another male. Each photo has what appears to be a file number embedded into the image. The user name "Hello Friends" was also embedded into many of the photographs listed on this page, including the image depicting the prepubescent male described above. The posting date of each photograph was listed along with a hyperlink which in most cases took the ICE agent to a different website entitled "FreeForum.tw," which appeared to be an Asian based webpage. Each photo had a "Reply" section which allowed its viewers to leave a comment about each photo. This page also had links to 34 additional web pages within the website.

9. Many of the images contained within these 34 pages appear to depict actual minors engaged in sexually explicit conduct, as defined above. For example, on page 4, a digital image with the file name 1268998933266.jpg was posted on March 19, 2010 by an Anonymous poster and shows a young male who appears to be under 14 years of age performing oral sex on an adult male. On page 6, a digital image with the file name 1269016393567.jpg was posted on March 19, 2010 by an Anonymous poster and shows two young females with long brown hair who appear to be under 12 years of age performing oral sex on an adult male. On page 11, a digital image with the file name 1269012583203.jpg was posted on March 19, 2010 by a user with the screen name "Hello Friends" and shows a young nude prepubescent male who appears

to be under 10 years of age sitting on a couch with his legs spread while someone is digitally penetrating his rectum. On page 12, a digital image with the file name 1269009922271.jpg was posted on March 19, 2010 by an anonymous poster and shows a young nude prepubescent female who appears to be under 12 years old tied up with black rope with her legs tied and spread apart exposing her genitals and her arms tied together above her head wearing a black eye mask. On page 15, a digital image with the file name 1269003652340.jpg was posted on March 19, 2010 by an Anonymous poster and shows a young nude female who appears to be under two years of age lying down while another young child who appears to be a toddler pulls her labia.

10. When the ICE agent accessed the "Pornstars" hyperlink on the homepage he was redirected to another webpage within the website. Again, this webpage contained an area which would allow its visitors to enter their name, any links they wished to include, a subject matter, and comments. They also had the ability to attach a file and password in order to post their own images. This page contained twelve 12 images. The majority of the images appear to depict actual minors engaging in sexually explicit conduct as defined herein. One of the photos was of a web camera and when the ICE agent examined this post, a hyperlink took him to another page titled "www.lix.in". This link had the text "Web cams live shows little girls. Nude and NN". On page 0, a digital image with the file name 1269018501201.jpg was posted on March 19, 2010 by Anonymous poster and shows a young nude prepubescent Asian girl who appears to be under 10 years of age lying on a bed with white sheets and being vaginally penetrated by an adult male. On page 0, a digital image with the file name 1268979696404.jpg was posted on March 19, 2010 by Anonymous poster and shows a young nude prepubescent boy who appears to be under 14 years of age lying on a bed while an adult female with blond hair performs oral sex on him.

Unlike the "Hot Girls" link page where it appeared that "Hello Friends" did the majority of the posting, the "Pornstars" page did not have many user names associated with the photos. In the area where a poster's name would appear, it stated anonymous. This page also had links to pages 1 and 2 which were similar in nature to page 0.

## IDENTIFICATION OF THOSE WHO ACCESSED THE WEBSITE

11. On the same date that the www.liberalmorality.com website was accessed by ICE, an ICE agent accessed a publicly available service on the Internet to determine the registrant/owner of the domain name "liberalmorality.com". This service is free and identifies, among other things, the owner of a particular domain name and the IP address where the website is located. This database search indicated that the IP address associated with the "liberalmorality.com" domain name was 74.208.83.116, and that it was owned by One & One Internet Inc., located at 701 Lee Road, Suite 300, Chesterbrook, PA 19087.

12. On or about April 20, 2010, ICE obtained and executed a federal search warrant for the website located at URL http://www.liberalmorality.com. ICE C3/CES reviewed the evidence received as a result of the warrant. The evidence obtained from www.liberal morality.com, among other things, included web access logs and the entire content of the website. The web access logs track activity on the website and record all requests processed by the server that contains the website, including downloads and uploads to the server. Each image on the website was displayed as a thumbnail version and a user could obtain an enlarged version of the image by clicking on the thumbnail version. The following provides an example

of an image posted on the website: [File: *File Name*.jpg –(*File Size*) Thumbnail displayed, click images for full size.].

13. The web access logs include any "get" commands, which are generated when a user's web browser requests/accesses a file from the website. The logs indicate which version- thumbnail or enlarged- was accessed. The typical format for a web access log is: [IP ADDRESS] [TIME/DATE STAMP] [REQUEST – "GET" OR "POST" COMMANDS]. The following provides a sample of a web access log extracted from the evidence obtained from www.liberalmorality.com: 98.228.133.63 - - [19/Mar/2010:10:51:17 -0400] "GET /Images/LM.jpg HTTP/1.1". In this example, the IP address 98.228.133.63 accessed the image file LM.jpg on March 19, 2010 at 10:51:17 EDT.

14. The evidence obtained from www.liberalmorality.com contained web access logs from approximately March 18, 2010 through March 19, 2010. The web access logs were all similar in structure as the example provided in the above paragraph. ICE C3/CES was able to extract the specific files from www.liberalmorality.com that were identified in the web access logs and, therefore, match IP addresses with specific image files that were accessed from each IP address. Administrative subpoenas were sent to the appropriate ISPs to identify the subscriber assigned to each IP address on the date and time it was used to access child pornography image files on the www.liberalmorality.com website.

**THE SUBJECT OF THIS SEARCH WARRANT APPLICATION**

15. A review of the web access logs revealed that the user of IP address 71.194.1.117 accessed the www.liberalmorality.com website and obtained numerous visual depictions of

minors engaged in sexually explicit conduct, including enlarged (full size) images. As explained above, a user could view enlarged (full size) images on the www.liberalmorality.com website by clicking on the thumbnail images seen on the website. The thumbnail images, as displayed, were of sufficient size for a user to identify the nature and content of the images.

16. The following three files are three examples of the images that a user of IP address 71.194.1.117 accessed with intent to view, received or attempted to receive, and/or possessed:

71.194.1.117
19/Mar/2010: 14:34:51-0400
1268977707548.jpg

This file depicts a naked prepubescent girl standing on the floor next to a bed and leaning face-down onto the bed with her head turned to the right. The picture is taken directly behind the girl, whose exposed genital region is the focal point of the picture.

71.194.1.117
19/Mar/2010: 01:54:52-0400
1268972048132s.jpg

This file depicts a naked prepubescent girl lying on her back on a bed. The girl's arms are raised up by her head and her genital area is exposed. The photograph is being taken by a person standing near the girl's feet looking down at her lying naked on the bed.

71.194.1.117
18/Mar/2010:23:02:24 -0400
1268957072792s.jpg

This file depicts an adolescent girl lying on her back on a bed. The girl is wearing a purple colored shirt but is nude from the waist down. The girl's legs are spread apart, exposing her genital area, and she is holding a blue phallic shaped object at or near her vagina. The person taking the photograph is standing at the foot of the bed near the girl's feet making her exposed genital area the focal point of the picture.

17. On or about August 9, 2010, ICE C3/CES issued an administrative subpoena to Comcast Cable Communications, for IP address 71.194.1.117 information from the date and time contained in the access logs. On or about August 16, 2010, Comcast Cable Communications provided the following relevant information: Subscriber records to IP address 71.194.1.117 for March 18, 2010 at 23:02:24 EDT showed this IP address was assigned to Adrienne Smith, 1405 Tuckahoe Park Drive, Valparaiso, Indiana 46383, Comcast account number 8771401130140262.

18. A record check with the Indiana Bureau of Motor Vehicles on or about March 18, 2011 revealed that an individual named Adrienne Smith with a date of birth of XX/XX/1971 and an individual named Mark Smith with a date of birth of XX/XX/1969 reside at 1405 Tuckahoe Park Drive, Valparaiso, Indiana 46383. (The month and day of the dates of birth of both individuals have been redacted for purposes of this affidavit.)

19. A subpoena was served on or about March 31, 2011 to NIPSCO, the gas and electric utility service for 1405 Tuckahoe Park Drive, Valparaiso, Indiana 46383, requesting the account holder information. On or about April 4th, 2011, agents received the information from NIPSCO, stating Adrienne Smith was the current account holder for the gas and electric utility services at 1405 Tuckahoe Park Drive, Valparaiso, Indiana 46383.

20. On or about June 22, 2011 a representative from the Valparaiso City Utilities office confirmed that Adrienne Smith was the current subscriber for water and sewage service at 1405 Tuckahoe Park Drive, Valparaiso, Indiana 46383. On the same day, a Department of Homeland Security Summons was issued to Comcast Cable Communications requesting updated information about Adrienne Smith's account. Your affiant received a reply from Comcast on or

about June 27, 2011. The information received from Comcast indicates Adrienne Smith still receives internet service at 1405 Tuckahoe Park Drive, Valparaiso, Indiana 46383. The IP address currently assigned to Adrienne Smith is 71.194.1.185 (as of 06-22-2011), however the IP address assigned to Adrienne Smith's account between March 17, 2010 and March 20, 2010, was the same one assigned to her when ICE/C3 subpoenaed the account information for IP address 71.194.1.117, which was used to open and view the images described above.

21. On June 22, 2011, at approximately 4:30 p.m., your affiant observed a vehicle parked in the driveway of 1405 Tuckahoe Park Drive. The vehicle was a silver colored Nissan Maxima with an Indiana license plate number of AC3555. A subsequent record check through the Indiana Bureau of Motor Vehicles, listed the registered owners as Adrienne & Mark Smith, with an address of 1405 Tuckahoe Park Drive, Valparaiso, IN.

## EVIDENCE COLLECTED DURING EXECUTION OF SEARCH WARRANT

22. On July 11, 2011 a search warrant issued by this Court was executed at the residence of Adrienne and Mark Smith, located at 1405 Tuckahoe Park Drive in Valparaiso, Indiana 46383. Adrienne and Mark Smith and their infant son were all present at the home at the time the warrant was executed. Adrienne Smith and her son were located on the main floor of the residence when law enforcement entered and she indicated that her husband Mark Smith would be in the basement. Law enforcement encountered Mark Smith coming up the basement stairs. Two computers were found in the house – one, an Apple MacBook laptop computer, was located on the main floor of the residence, and the other, a custom Windows desktop tower, was located in the basement.

23. Adrienne Smith gave a voluntary statement to law enforcement. According to Mrs. Smith, they purchased the laptop computer approximately two years ago because she wanted to have it. She was the primary user of the laptop computer but her husband used it rarely. Mrs. Smith stated that they purchased the desktop computer located in the basement approximately three years ago, that her husband set up the computer, and that it had two user accounts – one for each of them. Mrs. Smith stated that the primary user of the desktop computer was her husband Mark but that she occasionally used the desktop computer to scan and save art cards which she sold on the website "eBay.com." Mrs. Smith was asked whether she ever saved files, or viewed files that had been saved, to an external hard drive connected to the desktop computer in the basement and she stated that she had not.

24. Mrs. Smith stated that on days when he had to be at work early in the morning, her husband Mark would sleep in the basement so that he would not wake up their infant son when he was getting ready for work. Mrs. Smith stated that her husband uses the computer in the basement in the evenings and perhaps also at night when she is asleep, but she is not sure about that because she is not in the basement with him at those times. Mrs. Smith estimated that her husband uses the computer approximately two hours per night. Mrs. Smith said she was aware that her husband viewed adult pornography using the computer. Mrs. Smith denied ever seeing child pornography on either computer and denied ever using either computer in the residence to view, receive or possess child pornography.

25. An on-scene forensic examination was conducted on the custom tower computer in the basement of the residence. On a 2-terabyte external hard drive connected to that computer, thousands of images and videos were found which appear to depict actual minors engaging in

sexually explicit conduct, as defined herein. For example, one video shows a pre-pubescent female being anally penetrated by the penis of an adult man. Another video clip shows an adult male putting his penis into the mouths of two pre-pubescent girls. Another image file likewise shows an adult man putting his penis into the mouth of a pre-pubescent female child.

## PROBABLE CAUSE

26. Based on the above facts, I believe probable cause exists for the issuance of a complaint alleging that on or about July 11, 2011, Mark Alan Smith knowingly possessed one or more matters containing visual depictions which have been mailed, or have been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, where the producing of such visual depictions involved the use of actual minors under the age of eighteen (18) engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(4).

27. I therefore respectfully request that the Court authorize the issuance of said complaint.

Special Agent Marc Rochon
Homeland Security Investigations

SUBSCRIBED and SWORN
before me this 11th day of July, 2011

S/Paul R. Cherry
PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE